THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:09cv029

| | |
|---|---|
| CASEY ELLISON GIBBY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 8] and the Defendant's Motion for Summary Judgment [Doc. 10].

**I.     PROCEDURAL HISTORY**

The Plaintiff Casey Ellison Gibby filed an application for a period of disability and disability insurance benefits on September 29, 2004, alleging that she had become disabled as of July 18, 2003 [Transcript ("T.") 47]. The Plaintiff's application was denied initially and on reconsideration. [T. 37-40, 42-44]. A hearing was held before Administrative Law Judge ("ALJ") Ivar E. Avots on December 20, 2007. [T. 427-53]. On February 27, 2008, the ALJ

issued a decision denying the Plaintiff benefits. [T. 16-25]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 5-7]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner <u>de novo</u>. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's

physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id. In this case, the ALJ's determination was made at the fifth step.

## IV. THE ALJ'S DECISION

On February 27, 2008, the ALJ issued a decision denying the Plaintiff's claim. [T. 16-25]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was December 31, 2008 and that she had not engaged in substantial gainful activity since her alleged onset date of July 18,

2003. [T. 18]. The ALJ found that the medical evidence established left knee injury, lung problems, cancer in throat, asthma, history of pulmonary emboli, anxiety and depression as severe impairments. [T. 18]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [T. 18].

The ALJ then assessed the Plaintiff's residual functional capacity, finding that she could perform sedentary unskilled work with only occasional interaction with the public. [T. 18]. He determined that Plaintiff was unable to perform any past relevant work. [T. 24]. Given the existence of non-exertional limitations, the ALJ obtained vocational expert (VE) testimony to determine whether such limitations further eroded the unskilled sedentary occupational base. Based upon the VE testimony, the ALJ concluded that the Plaintiff could perform other work in the national economy. [T. 24-25]. Accordingly, he concluded that Plaintiff therefore was not "disabled" as defined by the Social Security Act. [T. 25].

**V.  DISCUSSION**

The Plaintiff raises several assignments of error on appeal. With respect to her mental impairments, she argues that the ALJ failed to evaluate whether she meets Listing § 12.05 and that he failed to use the special

5

technique for evaluating her mental limitations. Next, she contends that the ALJ erred in relying on the VE's testimony when the hypothetical posed to the VE was inaccurate. Plaintiff further takes issue with the weight attributed to her treating physician's opinions and with the ALJ's assessment of her credibility. Because the Court concludes that the ALJ failed to conduct a proper evaluation of the Plaintiff's intellectual functioning under § 12.05 of the Listings, the Commissioner's decision must be reversed and this case remanded for further proceedings.

Step three in the five-step sequential evaluation process for determining whether a claimant is disabled requires that the Commissioner determine whether a claimant's impairment is identical, or medically equivalent, to an impairment on the Listing of Impairments in Appendix 1 of the regulations ("Listings"). If the claimant's impairment meets or equals a listing, the Administration will find the claimant disabled. 20 C.F.R. § 1520(d). In the present case, the ALJ concluded in summary fashion or without any supporting analysis that the Plaintiff has no impairment or combination of impairments that meets or equals any listing. The Plaintiff contends that based on the record before him, the ALJ should have evaluated whether the Plaintiff satisfied § 12.05 of the Listings.

Section 12.05 of the Listings provides, in pertinent part, as follows:

> <u>Mental retardation</u>: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, <u>i.e.</u>, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function....

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05.

In the present case, there is evidence in the record to suggest the manifestation of deficits in adaptive functioning before the age of 22. While the ALJ found that the Plaintiff has "at least a high school education" [T. 24], he also acknowledged that the Plaintiff was in special education every year for every subject and that she had an Individualized Education Plan (IEP). [T. 20, 434]. School records from the third grade indicate Plaintiff's placement in a learning disabilities program for basic reading skills and reading comprehension [T. 121] and a ninth grade re-evaluation indicates that Plaintiff, who was 18 years old at the time, was performing at the third grade level in

7

reading, at the fourth grade level in spelling and written work, and at the seventh grade level in arithmetic. [T. 117]. The only regular classes considered for inclusion in Plaintiff's IEP were non-academic, and the evaluation concluded with the recommendation that she continued to be enrolled in the learning disabilities program. [T. 119-20]. Furthermore, IQ testing performed at the age of 16 showed low intellectual functioning, with Plaintiff's verbal IQ scoring in the ninth percentile. [T. 117]. While a low IQ score taken alone does not prove a manifestation of deficits in adaptive functioning, see Justice v. Barnhart, 431 F.Supp.2d 617, 619 (W.D. Va. 2006), this evidence considered in conjunction with the other evidence of record was sufficient to at least trigger the ALJ's obligation to conduct an evaluation under § 12.05(C). See Luckey v. United States Dep't of Health and Human Servs., 890 F.2d 666, 668-69 (4th Cir. 1989) (finding evidence of low IQ score and illiteracy sufficient to show manifestation of mental retardation before age 22).

The Court further finds that there is sufficient evidence in the record to support the assertion that the other criteria of § 12.05 were met in this case. As the ALJ acknowledged, testing performed in 2005 indicated that the Plaintiff has verbal IQ score of 69 [R. 22], which falls within the range of 60-70 required under the Listing. Furthermore, the ALJ found that the Plaintiff had

a range of severe physical and mental impairments which restrict her to a limited range of sedentary work. These findings are sufficient to satisfy the criteria of § 12.05(C). Carroll v. Astrue, No. 1:08CV74-SRW, 2009 WL 1708073, at *1 (M.D. Ala. June 17, 2009) (noting that standard for "additional and significant" limitation is the same as that for "severe" impairment under 20 C.F.R. §§ 404.1520(c) or 416.920(c)) .

In sum, Plaintiff's evidence of intellectual functioning raises a question as to whether Plaintiff meets or equals § 12.05 of the Listings, and it was the affirmative obligation of the ALJ to consider the evidence of record and to conduct the necessary evaluation to determine whether the Plaintiff's impairments met or equaled this Listing. Without such consideration, the Court cannot conclude that his step three determination was supported by substantial evidence. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) ("Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination."). Because the issue of Plaintiff's mental retardation was not fully developed below, however, the Court cannot find that the Plaintiff satisfies the requirements of § 12.05(C) so as to make an immediate award of benefits. A remand, therefore, is required.[1]

---

[1] In light of this decision, Plaintiff's other assignments of error need not be addressed, but she is free to raise them upon remand.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying her disability benefits. To any extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 8] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for further administrative action consistent herewith.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 10] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 28, 2011

Martin Reidinger
United States District Judge